# BRIGHAM *v.* COFFIN.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE DISTRICT OF MASSACHUSETTS.

No. 251. Argued and submitted April 24, 1893. — Decided May 10, 1893.

Letters patent No. 283,057, issued August 14, 1883, to Frank E. Aldrich for
an improvement in rubber cloths or fabrics, are void for want of novelty.

THIS was a bill in equity for the infringement of letters
patent No. 283,057, issued August 14, 1883, to Frank E.
Aldrich, for an improvement in rubber cloths or fabrics.

The patentee stated in his specification:

"My invention relates more especially to means for orna-
menting the cloth or fabric; and it consists in a rubber cloth
or fabric composed wholly or in part of rubber, having one or
both of its surfaces provided with useful or ornamental de-
signs or figures printed or stamped thereon with an ink or
compound of a different color or shade from the body of the
fabric by means of rollers, blocks, or in any other suitable
manner, the ink or compound preferably containing rubber,
caoutchouc, gutta-percha, or some analogous material, as here-
inafter more fully set forth and claimed.

"In carrying out my invention I take an ordinary rubber
cloth, preferably gossamer rubber cloth, or any fabric com-
posed wholly or in part of rubber, and print or stamp its
finished surface or surfaces with an ink or compound of a dif-
ferent color or shade from the body of the goods by means of
engraved rollers, blocks, types, dies, or in any other suitable
manner. I deem it preferable, however, to use rollers, one or
more being employed, according to the number of colors to be
applied, and the cloth passed in cuts through the printing-
machine after the manner of printing calico and similar goods.

"The ink or compound employed in printing the figures or
designs on the cloth or fabric is prepared as follows: Take
one-half pound of rubber or caoutchouc, four quarts of naphtha,

one-half pound of red lead, and one-eighth of an ounce of flowers of sulphur. Dissolve the gum in the naphtha, and then add and thoroughly mix the other ingredients therewith.

"I do not confine myself to the exact proportions given, as these may be varied considerably without materially changing the nature of the compound; and, instead of naphtha, some other solvent may be used for the rubber, if desired, although naphtha is deemed preferable; also, instead of the lead, litharge, pigments, shellac, ocher, lamp-black, or any other coloring matter may be employed, according to the shade or color it is desired to give the ink.

\* \* \* \* \*

"As I propose to make the ink or printing compound described the subject matter of other letters patent, the same is not herein claimed when in and of itself considered."

His claims were as follows:

"1. As an improved article of manufacture, a rubber cloth or fabric composed wholly or in part of rubber, having one or both of its surfaces printed or stamped with useful or ornamental designs or figures in an ink or printing compound of a different color or shade from the body of the cloth or fabric, substantially as set forth."

The second claim was like the first, except that the ink or compound is described as being "composed in part of rubber, caoutchouc, gutta-percha, or some analogous substance, and a coloring material or materials, substantially as specified."

The third claim was like the second, except that instead of the words "and a coloring material or materials" there is substituted "and containing sulphur or an ingredient for rendering the ink vulcanizable."

The fourth claim was like the first, except that the cloth or fabric is described as "varnished."

The fifth claim was also like the first, except that the ink or printing compound is described as "analogous to the coating of the cloth or body of the fabric, and of a different color or shade therefrom."

The sixth claim was also like the first, except that the ink or compound was described as "containing rubber and sulphur,

or an ingredient for vulcanizing the rubber when subjected to heat or the sun's rays."

. The seventh claim was like the sixth, except that the words "the sun's rays" were omitted.

The answer denied that Aldrich was the inventor of any material or substantial part of the thing patented, and gave notice of prior patents; denied that the Aldrich patent described anything of value or importance; averred that it was practically worthless; denied that the invention was any advance upon the art of making rubber fabrics, or that such fabrics had ever been practically manufactured as described in the patent. The answer also denied infringement.

On a hearing upon pleadings and proofs in the court below the bill was dismissed, (37 Fed. Rep. 688,) and the plaintiff appealed.

. *Mr. Thomas William Clarke* for appellant.

*Mr. J. E. Maynadier*, for appellees, submitted on his brief.

MR. JUSTICE BROWN, after stating the case, delivered the opinion of the court.

The bill was dismissed by the court below upon the ground that there was nothing novel in an article of manufacture which consisted in printing ornamental figures upon a rubber fabric with a colored ink composed in part of rubber.

The patent in question covers as an article of manufacture:

1. A rubber cloth or fabric, which must be composed wholly or in part of rubber.

2. One or both of the surfaces of such fabric must be printed or stamped with designs in an ink or printing compound of a different color or shade from the body of the fabric.

In these particulars all the claims agree. The last six claims differ from the first only in describing the ink or compound, either as composed of rubber, caoutchouc, gutta-percha, or some analogous substance, or, in addition thereto, as contain-

ing sulphur or other substance for rendering the ink vulcanizable, when subjected to heat or the sun's rays.

At the same time, while giving the composition of the ink, the patentee expressly declares that he does not claim the same in and of itself considered, because he proposed to make such ink or printing compound the subject of another patent. The case then reduces itself to the single question whether there is any novelty in printing or stamping a rubber cloth with designs in an ink of a different color or shade. The prior patents put in evidence show very clearly that there is no novelty in printing or stamping upon a rubber fabric designs of various patterns.

In the patent of December 14, 1875, to Dunbar and Lothrop for improvement in the manufacture of floor cloths, the invention consists " of a product composed of a base or foundation of cheap compound of rubber, overlaid or inlaid with a series of strips, figures, or characters of a thin and more expensive material, which is capable of receiving any desired color or tint, these strips or figures being, in the final stage of the vulcanizing process, embedded in the foundation, so that a uniformly even surface exists over the whole." The claim of this patent is for " a floor cloth composed of a body of cheap material, with a series of parallel strips in colors or neutral tints composed of a finer quality of rubber compound, substantially as and for the purposes stated."

In the later patent of March 30, 1880, to Brigham and others, the object of the invention was stated to be " to produce a light, thin, waterproof fabric for dress and similar goods ornamented with figures and colors to resemble ordinary dress and similar goods which are not of the waterproof class." The invention consisted " of a light, thin fabric, woven or otherwise formed, covered with a waterproofing of rubber composition, or a composition in all respects equivalent thereto, printed with ornamental colors and figures (embossed or plain) to resemble ordinary dress or similar goods." The composition described in the patent " is spread upon the cloth in the manner well known in the art, and forms a basis for receiving the colors and holding them in sharp, clear lines without

running or blurring, and so as to make well-defined and ornamental figures. . . . The product is a desirable imitation of figured goods in ordinary colors, and having what may be called a 'cloth surface,' . . . and all the colors and beauty of appearance of such ordinary dress and similar goods, with the valuable quality, in addition, of capacity to resist or repel moisture." The claim was for "a waterproof fabric for dress and other goods, having a surface of the described waterproof composition, and impressed with figures and colors, as set forth."

It is difficult to see wherein the invention of Aldrich differed in any important or patentable feature from these prior devices. Aldrich may be entitled to a patent for his composition; but the patent in question is not for a rubber fabric printed or stamped with designs in any particular ink or compound, but in any ink composed in whole or in part of rubber, etc., with or without sulphur or other vulcanizing material. While the patent is for a manufacture or product, it is for a product resulting from a specified process of printing or stamping in an ink of this general description. The composition used by Brigham is described as made up of ten pounds of india-rubber in its natural condition and thirty pounds of whiting as a basis. For black goods, lamp-black is added; for white goods, two pounds of zinc-white; for a red color, vermilion is used, and for other colors, other mineral pigments. But in all cases the rubber and whiting constitute the bulk of the mass, though other known equivalents for rubber may be used, and the ingredients are ground together and then dissolved in benzine.

The ink or compound of Aldrich is composed of different ingredients, of which, however, rubber and naphtha appear to constitute the basis, and the alleged patentable feature consists in printing or stamping ornamental designs with this compound upon a rubber cloth or fabric. There does not seem to be any essential difference in the two patents, the main difference being in the composition used by Aldrich, which is not made the subject of his patent. If, as is claimed by the plaintiff, the invention of Brigham was a practical

failure and abandoned, the evidence is equally clear that Aldrich, after putting the goods upon the market for a year and a half, abandoned the business and has not resumed it. There does not seem to be much to choose between them in this particular.

This case is substantially like that of *Underwood* v. *Gerber*, *ante*, 224, decided at the present term, in which the patentee claimed a fabric coated with a composition composed of a precipitate of dye matter, in composition with oil, wax or oleaginous matter, without claiming the composition of this matter. The patent was treated as one for applying the composition to paper, and was found to be without novelty.

The decree of the court below, will, therefore, be

*Affirmed.*